IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES S. ERVIN, Sr., #06740-027,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-02549-JPG |
| ) | |
| **E. WILLIAMS,** ) | |
| **C. RODGERS,** ) | |
| **MRS. WHITE,** ) | |
| **LT. SERIO,** ) | |
| **CAPTAIN GORE,** ) | |
| **G. ZYKAN,** ) | |
| **PRIVETT,** ) | |
| **and JONES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. On November 27, 2024, Plaintiff James S. Ervin, Sr. filed a Complaint under *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971), for claims arising at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville). (Docs. 1 to 1-4). Along with the Complaint, Plaintiff submitted a motion to supplement it. (Doc. 2). The Court denied the motion and ordered Plaintiff to either file a complete First Amended Complaint *or* a Notice of his intent to proceed with the original Complaint. (Docs. 7, 12). He chose to proceed with the original version. (Doc. 15).

Before screening this matter under 28 U.S.C. § 1915A, the Court identified the following claims in the Complaint:

> **Count 1:** First Amendment claim against Zykan for retaliating against Plaintiff for filing grievances about the prison's food by loudly screaming that inmates would receive spaghetti, not lasagna, because of him in March/April 2020.

1

|  |  |
|---|---|
| **Count 2:** | First Amendment claim against Zykan for retaliating against Plaintiff for rejecting his gifts by proclaiming that Plaintiff is "the biggest piece of shit on the yard" in the presence of other inmates in March/April 2020. |
| **Count 3:** | Eighth Amendment claim against Zykan for placing Plaintiff's safety in danger by loudly screaming that all inmates would receive spaghetti instead of lasagna because of him and later proclaiming that he was the "biggest piece of shit on the yard" in March/April 2020. |
| **Count 4:** | Eighth Amendment claim against Jones, Serio, and Williams for placing Plaintiff's safety in danger by loudly informing another inmate that Plaintiff used to be a cop on or around May 10, 2021. |
| **Count 5:** | Eighth Amendment claim against Privett, White, Rodgers, and Gore for placing Plaintiff in danger of serious injury by assigning him to the same cell with a known enemy in early 2022. |
| **Count 6:** | Claim against White for her "wanton disregard of common decency" when instructing inmates not to "hang the clothes on the rails like it's Chinatown" on February 16, 2023, in violation of FBOP Program Statements. |
| **Count 7:** | First Amendment claim against White for retaliating against Plaintiff for complaining about his new housing assignment to Lieutenant Newlin by falsely accusing him of refusing housing and a cellmate and recommending his punishment with segregation on or around April 19, 2023. |
| **Count 8:** | Eighth Amendment claim against White and Rodgers for responding with deliberate indifference to Plaintiff's concerns about mobility issues caused by his transfer from a first- to a second- floor cell from April 13-19, 2023. |

(Docs. 1, 16). The Court noted that the Complaint describes four or more separate sets of claims, including those against: (1) Defendant Zykan for misconduct that allegedly occurred in March/April 2020 (Counts 1, 2, and 3); (2) Defendants Jones, Serio, and Williams for misconduct that occurred on May 10, 2021 (Count 4); (3) Defendants Privett, White, Rodgers, and Gore arising from misconduct that allegedly occurred in early 2022 (Count 5); and (4) Defendants White and Rodgers arising from events that occurred in February and April 2023 (Counts 6, 7, and 8). (Doc. 16). The groups of claims are unrelated, arise from distinct events, and/or involve different defendants. Given this, the Court concluded that the claims cannot proceed together. *Id*.

The Court dismissed the Complaint without prejudice and permitted Plaintiff to file a First Amended Complaint that focuses on a single set of related claims and defendants on or before April 16, 2025. (Doc. 16). The Court warned Plaintiff that failure to file a First Amended Complaint would result in entry of an Order Severing Case in whatever manner the Court deems appropriate. *See* FED. R. CIV. P. 21. Plaintiff did not file a First Amended Complaint by the original or extended deadlines on April 16, 2025 (Doc. 16), May 16, 2025 (Doc. 21), June 16, 2025 (Doc. 23), or July 16, 2025 (Doc. 25). The final deadline expired nearly a month ago, and he did not seek an extension. Plaintiff missed the opportunity to decide which claims will proceed in this action and which ones will not.

This Court will now exercise its discretion and sever the claims pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). In *George*, the Seventh Circuit Court of Appeals held that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *Id*. at 607 (citing 28 U.S.C. § 1915(b), (g)). The Court has broad discretion when deciding whether and how to sever claims pursuant to Rule 21 or dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950-952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). The Court will exercise its discretion here.

## Disposition

To the extent the Order to File Amended Complaint (Doc. 16) dismissed the Complaint (Docs. 1 through 1-4), that portion of the Order is **VACATED** and **AMENDED** as set forth herein.

Pursuant to Rules 18-21 of the Federal Rules of Civil Procedure, the Court hereby finds that **COUNTS 1, 2,** and **3** against Defendant **G. ZYKAN** in the Complaint (Docs. 1 to 1-4) are

3

improperly joined with **COUNTS 4, 5, 6, 7,** and **8** against **ALL OTHER DEFENDANTS**. Therefore, **COUNTS 1, 2,** and **3** against Defendant **G. ZYKAN** remain in this case and are subject to preliminary review under 28 U.S.C. § 1915A. **COUNTS 4, 5, 6, 7,** and **8** against **ALL OTHER DEFENDANTS** are **SEVERED** and **DISMISSED with prejudice** *from this action*.

The Clerk of Court is **DIRECTED** to **UPDATE** the case caption for this case, as follows: **James S. Ervin, Sr.,** *Plaintiff* **v. G. Zykan,** *Defendant*.

The Clerk of Court is **DIRECTED** to **TERMINATE ALL DEFENDANTS**, except Zykan, as parties to this action in CM/ECF and **OPEN** three new cases, as follows:

**SEVERED CASE #1: James S. Ervin, Sr.,** *Plaintiff* **v. Jones, Lt. Serio, and E. Williams,** *Defendants*.

| | |
|---|---|
| Count 4: | Eighth Amendment claim against Jones, Serio, and Williams for placing Plaintiff's safety in danger by loudly informing another inmate that Plaintiff used to be a cop on or around May 10, 2021. |

**SEVERED CASE #2: James S. Ervin, Sr.,** *Plaintiff* **v. Privett, Mrs. White, C. Rodgers, and Captain Gore,** *Defendants*.

| | |
|---|---|
| Count 5: | Eighth Amendment claim against Privett, White, Rodgers, and Gore for placing Plaintiff in danger of serious injury by assigning him to the same cell with a known enemy in early 2022. |

**SEVERED CASE #3:** *Ervin v. Mrs. White and C. Rodgers*.

| | |
|---|---|
| Count 6: | Claim against White for her "wanton disregard of common decency" when instructing inmates not to "hang the clothes on the rails like it's Chinatown" on February 16, 2023, in violation of FBOP Program Statements. |
| Count 7: | First Amendment claim against White for retaliating against Plaintiff for complaining about his new housing assignment to Lieutenant Newlin by falsely accusing him of refusing housing and a cellmate and recommending his punishment with segregation on or around April 19, 2023. |
| Count 8: | Eighth Amendment claim against White and Rodgers for responding with deliberate indifference to Plaintiff's concerns about mobility issues caused by his transfer from a first- to a second- floor cell from April 13-19, 2023. |

The Clerk is **DIRECTED** to **FILE** the Complaint (Docs. 1 to 1-4) and this Order in each new case. Once each new case is opened, Plaintiff will be required to *either* prepay the filing fee of $405.00 *or* file a properly completed Motion for Leave to Proceed *in forma pauperis* in compliance with the instructions and deadlines set forth therein, if he chooses to proceed; failure to do so shall result in dismissal of the case. *See* FED. R. CIV. P. 41(b).

If Plaintiff chooses to proceed with a newly severed case, the claims in each new case will be subject to review under the standards of 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 13, 2025**                              **s/J. Phil Gilbert**
                                                                              **J. PHIL GILBERT**
                                                                              **United States District Judge**